IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SAM E. HENSON, JR., #559509 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv121 |
| WENDELL B. WARREN, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF PARTIAL DISMISSAL

Plaintiff Sam E. Henson, Jr., an inmate previously confined at the Michael Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Officer Wendell B. Warren and Sgt. Kevin L. Petersen. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on March 12, 2009. After reviewing the complaint, the Court decided to conduct an evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted on September 10, 2009. A *Spears* hearing is a proceeding which allows a litigant to offer sworn testimony in support of his allegations. The Fifth Circuit has stated that a *Spears* hearing is appropriate "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. It serves to implement the congressional intent of meaningful access to court for indigent litigants, and also to allow the district court to winnow out the wheat from the unusual amount of chaff

1

necessarily presented in a system which fosters *pro se* litigation. *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) (*citing Watson v. Ault*, 525 F.2d 886, 890 (5th Cir. 1975). Clements Unit Warden Jamie Baker, Nurse Kathy Gray and Regional Grievance Coordinator Ginger Lively testified under oath concerning prison policies and information contained in the Plaintiff's records.

The Plaintiff was injured in an incident that occurred on or about April 26, 2008.[1] The Plaintiff was confined in closed custody at the time. The Plaintiff testified that he was sitting at a table in the dayroom eating a meal while officers were conducting searches. When the Plaintiff was told that his cell was being searched, he walked up to the third floor to his cell. The Defendants were there, and Sgt. Petersen was conducting the search. After finishing the search, Sgt. Petersen told the Plaintiff to go into his cell. Sgt. Petersen would not allow the Plaintiff to go back downstairs to finish his meal. The Plaintiff testified that he became upset with Sgt. Petersen, and they argued about the decision. The Plaintiff was standing in the middle of the doorway to the cell when Officer Warren pushed him in the chest. The Plaintiff fell down, and his right leg was fractured. The Plaintiff testified that his injury was not immediately apparent, and the Defendants went downstairs. The Plaintiff further testified that he rolled over to get up and discovered that his leg was broken. He asked for a ranking officer, and Lt. Hunt and Captain Hill came on the scene. The Plaintiff was ordered to pull back his pant leg, which revealed his injury. The Plaintiff was taken to the infirmary and then to the hospital. Surgery was performed on his right knee.

The Plaintiff testified that he talked to Sgt. Petersen in the infirmary. Sgt. Petersen asked him what he intended to do. The Plaintiff told him that he was going to file a lawsuit. Sgt. Petersen told

---

[1] The Plaintiff stated in his complaint that the incident occurred on April 26, 2008. Prison records specified that it occurred on April 27, 2008.

him that he would remove the disciplinary case if he did not file a lawsuit. The Plaintiff replied by telling him that he was going to file a lawsuit. The Plaintiff testified that he never received a disciplinary case as a result of the incident. He complained that Sgt. Petersen tried to talk him out of filing a lawsuit. He was transferred to the Clements Unit after undergoing surgery.

Nurse Kathy Gray testified under oath that the medical records reveal that the incident occurred on April 27, 2008. Surgery was performed to repair a fracture to the right knee and a torn tendon on April 29, 2008. The Plaintiff was kept at John Sealy Hospital for a while after the surgery before being sent to his permanent unit. The Plaintiff testified that two pins were placed in his knee. He added that he never received physical therapy.

The Plaintiff finally testified that he sued Officer Warren for using excessive force against him. He sued Sgt. Petersen for trying to talk him out of filing a lawsuit.

The Supreme Court has emphasized that the core judicial inquiry in an Eighth Amendment excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An excessive use of force claim has both subjective and objective components. *Id.* at 8. In other words, there is the issue of whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* A claimant must allege and prove there was an "unnecessary and wanton infliction of pain." *Id.* at 5. In deciding whether the use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. (internal quotation and citation

omitted). The absence of a serious injury is relevant to but not dispositive of the excessive force claim. *Id.* In the present case, the Plaintiff has alleged facts that support a potentially meritorious claim for excessive use of force against Officer Warren. Officer Warren should respond to the lawsuit.

The Plaintiff specified in the original complaint that he sued Sgt. Petersen for trying to talk him out of filing a lawsuit. His testimony confirmed the basis of his claim against Sgt. Petersen. The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to constitutional violations. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). *See also Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). A civil rights plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case. *Maine v. Thiboutot*, 448 U.S. 1 (1980); *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982). The Plaintiff has not alleged facts against Sgt. Petersen that provide a basis for a potentially meritorious civil rights lawsuit. The act of trying to talk the Plaintiff out of filing a lawsuit does not amount to a constitutional violation. By comparison, if Sgt. Petersen had retaliated against the Plaintiff for filing a lawsuit, then he would have a basis for a retaliation claim. *See, e.g., McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998); *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). The Plaintiff, however, did not allege that Sgt. Petersen did anything to him for filing the lawsuit.

It is also noted that the facts do not support a claim against Sgt. Petersen for his role in the use of force incident. In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Sgt. Petersen did not use force against the Plaintiff. He will not be liable just because he was Officer Warren's supervisor since the

doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Under 42 U.S.C. § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. A supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Neither condition is satisfied.

The facts alleged against Sgt. Petersen fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The claims against Sgt. Petersen should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is therefore

**ORDERED** that the Plaintiff may proceed with his excessive use of force claim against Officer Wendell B. Warren. It is further

**ORDERED** that the Plaintiff's remaining claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **22** day of **September, 2009.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE