IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SAM E. HENSON, JR., #559509 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv121 |
| MICHAEL LEE WARREN, ET AL. | § | |

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

Plaintiff Sam E. Henson, Jr., an inmate previously confined at the Michael Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The sole defendant remaining in the lawsuit is Officer Michael Lee Warren. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c). The present Memorandum Opinion concerns the Defendant's motion for summary judgment (docket entry #39) and the Plaintiff's responses (docket entry nos. 41 and 48).

### Plaintiff's Claims

The Plaintiff has been permitted to proceed with his excessive use of force claim against the Defendant. An evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), was conducted on September 10, 2009. The use of force incident which is the subject of the lawsuit occurred on or about April 26, 2008. The Plaintiff was confined in closed custody at the time. The Plaintiff testified that he was sitting at a table in the dayroom eating a meal while officers were conducting searches. When the Plaintiff was told that his cell was being searched, he walked

1

up to the third floor to his cell. Sgt. Petersen was conducting the search. After finishing the search, Sgt. Petersen told the Plaintiff to go into his cell. Sgt. Petersen would not allow the Plaintiff to go back downstairs to finish his meal. The Plaintiff testified that he became upset with Sgt. Petersen, and they argued about the decision. The Plaintiff was standing in the middle of the doorway to the cell when the Defendant pushed him in the chest. The Plaintiff fell down, and his right leg was fractured. The injury was not immediately apparent, and the officers went downstairs. When he discovered the injury, the Plaintiff asked for a ranking officer. Lt. Hunt and Captain Hill came on the scene. The Plaintiff pulled back his pant leg, which revealed the injury. The Plaintiff was taken to the infirmary and then to the hospital. Surgery was performed on his right knee.

## Defendant's Motion for Summary Judgment

The Defendant filed a motion for summary judgment (docket entry #39) on November 30, 2009. He argued that he is entitled to summary judgment based on Eleventh Amendment immunity. He further argued that he is entitled to summary judgment based on qualified immunity because the force used was applied in good faith to maintain or restore discipline and because his actions were objectively reasonable. A copy of the use of force report (docket entry #46) was submitted in support of the motion.

The Defendant's version of the facts were similar to the facts as alleged by the Plaintiff. He asserted that the incident occurred on April 27, 2008. Sgt. Peterson ordered the Plaintiff to enter his cell, but the Plaintiff did not comply with the order; instead, he stood in the doorway to the cell. After threatening to use a chemical agent, the Defendant pushed the Plaintiff in the chest with enough force to make him fall back into the cell. The Defendant was then able to close the cell door. He agreed that the Plaintiff was injured when he fell and that knee surgery was performed.

Once again, the Defendant argued that he is entitled to summary judgment based on Eleventh Amendment immunity and qualified immunity. His legal arguments will be fully discussed in the Discussion and Analysis section of this Memorandum Opinion.

### Plaintiff's Response

The Plaintiff's initial response (docket entry #41) was filed on December 16, 2009. He argued that he was the victim of unnecessary force in violation of the Eighth Amendment. He argued that the force used was not applied to restore discipline. He noted that the Defendant was smiling and making faces the entire time that Sgt. Peterson was threatening to use a chemical agent. He stressed that the Defendant hit him with enough force to knock him off of his feet. He added that the Defendant kicked him, which was recorded on camera. He did not initially realize that he was injured because everything happened so fast. His injuries required reconstruction surgery. Two pins and a wire were placed in his right leg. The Plaintiff again argued that the Defendant's actions were unnecessary and a violation of his Eighth Amendment rights.

The Plaintiff's second response (docket entry #48) was filed after the Defendant submitted the use of force report. He noted that the documents submitted by the Defendant did not include all of the witness statements. He attached statements from Officer McDonald and Sgt. Peterson.

### Discussion and Analysis

Summary judgment is proper when the pleadings and evidence on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party for summary judgment has the burden of proving the lack of a genuine issue as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247-48. In making this threshold inquiry, the Court must consider that "[s]ummary judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Smith v. Xerox Corp.,* 866 F.2d 135, 137 (5th Cir. 1989) (citations omitted); Fed. R. Civ. P. 56(c).

Once the movants make a showing that there is no genuine material fact issue to support the nonmovant's case, the nonmovant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988); *see also Celotex*, 477 U.S. at 324. Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson*, 477 U.S. at 257. Summary judgment is proper if the affidavits, depositions, answers, and admissions on file fail to establish the existence of an element essential to the plaintiff's case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. The nonmovant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment.

4

*See, e.g., Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).

The first issue raised by the Defendant concerns Eleventh Amendment immunity. The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). In *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." The Supreme Court upheld the dismissal of the Michigan Department of State Police and its Director sued in his official capacity. *Id.* The Fifth Circuit has accordingly "held that the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). The Plaintiff may not recover money damages from the Defendant for actions taken in his official capacity, although he may recover money damages from the Defendant for actions taken in his individual capacity. The Defendant's motion for summary judgment on this issue should be granted.

The next issue raised by the Defendant was is the defense of qualified immunity. The defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wilson v. Layne*, 526 U.S. 603, 614 (1999). The doctrine of qualified immunity shields government officials "from civil damages liability as long as their actions could reasonably have been thought consistent

with the rights they are alleged to have violated." *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *citing Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

A two-step process has traditionally been employed in evaluating the defense of qualified immunity. *Saucier v. Katz*, 533 U.S. 194 (2001). A court must first consider whether "the facts alleged show the officer's conduct violated a constitutional right." *Id.* at 201. Second, if the plaintiff has satisfied the first step, courts are required to decide whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.* The Fifth Circuit has accordingly held that "a state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2004). More recently, the Supreme Court held that a case may be dismissed based on either step in the qualified immunity analysis: "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in the light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009).

The Defendant appropriately addressed both steps in the qualified immunity analysis. The first issue is whether the Plaintiff was the victim of excessive use of force. The Supreme Court has emphasized that the core judicial inquiry in an Eighth Amendment excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An excessive use of force claim has both subjective and objective components. *Id.* at 8. In other words, there is the issue of whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* A claimant must allege

6

and prove there was an "unnecessary and wanton infliction of pain." *Id.* at 5. In deciding whether the use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. (internal quotation and citation omitted). The absence of a serious injury is relevant to but not dispositive of the excessive force claim. *Id.* On remand in *Hudson*, the Fifth Circuit held that the five factors should be considered in determining whether there was an excessive use of force. *Hudson v. McMillian*, 962 F.2d 522, 523(5th Cir. 1992).

The first *Hudson* factor to consider was the need for the application of force. The undisputed competent summary judgment evidence reveals that the Plaintiff was disobeying orders to go inside of his cell. His persistence in disobeying orders warranted the use of some force.

The second *Hudson* factor is the relationship between the need and the amount of force used. The Defendant argued that he used the minimum amount of force necessary to control the Plaintiff. An argument can clearly be made that pushing the Plaintiff with enough force to knock him backwards and injuring his leg to the extent that surgery was necessary was excessive. The issue of whether the amount of force used was appropriate or excessive is a disputed issue of material fact that will have to be resolved by the jury.

The third *Hudson* factor was the threat reasonably perceived by the Defendant. He convincingly argued that the Plaintiff posed a threat to security, although the Plaintiff appropriately noted that the Defendant may not have personally felt threatened in that he was smiling and making faces. The issue of whether the Defendant reasonably felt threatened is another disputed issue of material fact that must be resolved by the jury.

The fourth *Hudson* factor was the efforts that were made to temper the severity of the forceful response. The competent summary judgment evidence reveals that officials tried to resolve the matter without resorting to force by ordering the Plaintiff to go inside of his cell and by threatening to use a chemical agent, although the Defendant eventually chose to use force instead of using a chemical agent. This will likewise be one of the factors that the jury may consider.

The final *Hudson* factor is the extent of the injuries suffered by the Plaintiff. It is undisputed that the Plaintiff's knee was injured and surgery was required.

Overall, with respect to the five *Hudson* factors, there are disputed issues of material fact on the issue of whether the Plaintiff was the victim of excessive use of force that necessitates a trial.

The second step in the qualified immunity analysis concerns whether the Defendant's conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his actions. The case law was clear at the time of the incident that the use of excessive force amounted to a constitutional violation. The issue of whether the Defendant's conduct was excessive to the need for force or was objectively reasonable is subject to debate, which will have to be decided by a jury.

In conclusion, the Court cannot find that the Defendant is entitled to summary judgment based on qualified immunity because there are disputed issues of material fact. The Defendant has demanded that a jury decide whether he subjected the Plaintiff to excessive force, and he is entitled to have a jury decide the disputed issues of material fact. It is therefore

**ORDERED** that the Defendant's motion for summary judgment (docket entry #39) is **GRANTED**, in part, and **DENIED**, in part. It is further

**ORDERED** that the Plaintiff's claims for monetary damages against the Defendant for actions taken in his official capacity are **DISMISSED** with prejudice. It is finally

**ORDERED** that the Defendant's motion for summary judgment based on qualified immunity is **DENIED**.

The parties are reminded that a pretrial conference via video teleconferencing is set for February 25, 2010, at 10 a.m. Jury selection to be immediately followed by a jury trial is set for March 2, 2010, at 9 a.m.

So **ORDERED** and **SIGNED** this **28** day of **January, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE